UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
——

ROBERT ALSPAUGH JR.,

                    Plaintiff,                        Case No. 2:06-cv-111

v.                                              Honorable R. Allan Edgar

REX MCCONNELL, et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed, in part, for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Robert Alspaugh, Jr., an inmate at the Southern Michigan Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dr. Rex McConnell, Warden J. Hofbauer, Deputy Warden C. Aalto, Dr. Asher Berhane, Scott Ewers, R.N., Larry Hill, R.N., Marie Jordan, R.N., John Kimsel, R.N., Unknown Parties named as "Responsible Officials directly involved," Unknown Quinn, R.N., Chief Psychologist Mental Health Services Jim Conklin, Assistant Resident Unit Supervisor D. Mayotte, Unknown Kangas, Unknown Cox, Sergeant Unknown Champion, and C. Tallio, all of whom were employed at the Marquette Branch Prison (MBP) during the pertinent time period.

Plaintiff alleges that on November 1, 2004, while he was confined at MBP, he was injured during a confrontation with several unit officers.  In describing the incident, Plaintiff claims that after coming out of the hearing room, he kicked the shower cart.  Plaintiff was then taken to the ground and while on the floor, Defendant Kangas and other unidentified officers began to punch him in the lower back and thigh area.  During the assault, Defendant Kangas was yelling for Plaintiff to stop resisting, despite the fact that Plaintiff was not resisting at all.  Plaintiff has been unable to discover the identity of the involved officers.

Plaintiff requested treatment for the injuries he obtained during the assault from Defendant Ewers, and was scheduled to see Defendant McConnell the following day.  However, when Plaintiff was due to go to his appointment, the custody staff refused to let him out of his cell. Plaintiff later discovered that he was on "no out of cell movement" restriction as a result of the November 1 incident.  Plaintiff was not seen by Defendant McConnell until November 4, 2004, and

- 2 -

then McConnell only looked at Plaintiff through his cell bars.  Defendant McConnell knew that Plaintiff had broken his neck in the past, but still refused to give Plaintiff an immediate, thorough exam.  Plaintiff notified Defendants Hofbauer and Aalto of the denial of medical care, without avail. Plaintiff was allowed out of his cell to attend a hearing and to be x-rayed on November 24, 2004.

Plaintiff claims that Defendants Kangas, Cox and Champion are responsible for misleading Plaintiff regarding the identity of Defendants Unknown Parties, who consisted of the officers who assaulted him.  Plaintiff states that Defendants Kangas, Cox and Champion denied him a review on his grievance in violation of his due process rights.  Plaintiff claims that the Unknown Parties have a history of such conduct and that the incident should be investigated.

Plaintiff claims that he has a chronic hemorrhoid problem and has repeatedly kited health care regarding his need for relief.  Plaintiff claims that he has been repeatedly "skipped" from sick call, canceled from scheduled appointments by Defendant Berhane, and denied treatment for this problem, which has resulted in constant rectal pain and significant bleeding.  Plaintiff claims that Defendant Berhane and the nurses told him that his condition was not serious and to drink more water.

Plaintiff claims that on July 22, 2005, he was denied treatment for a broken toe by Defendants Ewers, Quinn and Berhane.  Plaintiff states that Defendant Ewers refused to give Plaintiff Motrin or to pick up a step I grievance for processing in an attempt to deny Plaintiff documentation of Defendants' mistreatment.  Defendant Kimsel eventually picked up the step I grievance, but told Plaintiff that nothing could be done.  On July 26, 2005, "R.N. Dan" looked at Plaintiff's toe and confirmed that it appeared to be broken.  R.N. Dan then brought Plaintiff an ice pack.  Plaintiff states that, contrary to the step II grievance response, he never told Defendant

- 3 -

Berhane that his toe had improved and that he did not need pain medication.  On July 28, 2005, Defendant Jordan looked at Plaintiff's toe, which was "black, blue, red, yellow, green, purple and still swolen [sic], and looked infected."  Defendant Jordan went and got Defendant Berhane, who spoke to Plaintiff and ordered an x-ray.  The x-ray showed that Plaintiff's toe was indeed broken, but Plaintiff was merely told to keep using aspirin from the prisoner store.  Plaintiff complained that aspirin was ineffective and that he did not "get indigent store" until the last week of the month. Plaintiff states that the nurses seldom had aspirin or Motrin with them during rounds, and they picked and chose who got the medication.  As a result, Plaintiff was denied pain medication on most occasions.  On August 6, 2005, Plaintiff kited health care for x-ray results and pain medication, but Defendant Ewers tried to avoid taking Plaintiff's kite.  As a result, Plaintiff and Defendant Ewers got into an argument and Defendant Ewers falsified a misconduct on Plaintiff.  In addition, Plaintiff did not receive any pain medication.  Plaintiff claims that the infection in his toe and the related stress exacerbated his HIV and Hepatitis C, causing his immune system to fail.

In addition, Plaintiff claims that he has a history of mental health problems and has been denied treatment since 2000.  Plaintiff's believes that his prison file contains "unknown documents" which prevent him from getting treatment.  Plaintiff has been unable to challenge the erroneous information in order to obtain treatment.  Plaintiff states that he has been deliberately misdiagnosed in retaliation for a July 2002 incident which occurred while he was confined at the Baraga Maximum Correctional Facility (AMF).  Plaintiff also claims that the grievance responses were falsified in order to make it appear that his mental health needs were being met.  Plaintiff concludes that Defendants Conklin and Mayotte were both involved in denying Plaintiff's requests for mental health treatment.

- 4 -

Plaintiff claims that Defendants' conduct violated his constitutional rights.  Plaintiff seeks damages.

## II.    Lack of exhaustion of available administrative remedies

Initially, the undersigned notes that Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies with regard to Defendant Cox.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte.  Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the

defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims are the type of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03); ¶ R (may grieve alleged "racial or ethnic discrimination or staff brutality or corruption" directly to Step III) (effective 4/28/03)**.**

The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642.  Plaintiff attaches copies of various grievances and the related responses to his complaint, as well as copies of his step II and III appeals.  However, it does not appear as if Plaintiff filed a step I grievance specifically naming Defendant Cox.  In order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).  An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642.  Plaintiff, therefore, has failed to demonstrate exhaustion of his available administrative remedies with regard to Defendant Cox.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, Plaintiff's claims against Defendant Cox should be dismissed without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when a claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Because Plaintiff's Fourteenth Amendment claims against Defendants Kangas, Cox and Champion fail to state a claim upon which relief may be granted, the undersigned recommends dismissal of those claims with prejudice without first requiring Plaintiff to exhaust any available administrative remedies.

III.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants Kangas, Cox and Champion prevented Plaintiff from discovering the identity of the corrections officers involved in the assault. Consequently, Plaintiff was unable to specifically name them in a grievance. The Sixth Circuit has indicated that the filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Shehee v. Luttrell*, 199 F.3d 295, 300-301 (6th Cir. 1999), *cert. denied*, 120 S. Ct. 2724 (2000). However, a prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the state. See *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 510 U.S. 1022 (1995) (collecting cases); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at **1 (6th Cir. Aug 13, 1999); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994). Moreover, it is clear that Plaintiff was able to file grievances; he was simply unable to specifically name each officer involved in his assault.

- 8 -

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing lawsuit) cannot be compromised by his inability to file an institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process or the ability to name each individual in his step I grievance, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. In light of the foregoing, the undersigned recommends that the court dismiss Plaintiff's due process claims against Defendants Kangas, Cox, and Champion for lack of merit.

The undersigned concludes that Plaintiff's Eighth Amendment claims of excessive force and the denial of medical care do not appear to be frivolous. Therefore, these claims may not be dismissed on the merits upon initial review. However, as noted above, Plaintiff failed to sufficiently comply with the exhaustion requirement with regard to Defendant Cox. Therefore, Plaintiff's Eighth Amendment claims against Defendant Cox will be dismissed without prejudice for failure to exhaust administrative remedies.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's due process claims against Defendants Kangas, Cox and Champion be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). In addition, the undersigned recommends that Plaintiff's Eighth Amendment

claims against Defendant Cox be dismissed for failure to to show exhaustion as required by 42 U.S.C. § 1997e(a).

Should the court adopt the report and recommendation, Plaintiff's only remaining claims would be his Eighth Amendment claims against Defendants McConnell, Hofbauer, Aalto, Berhane, Ewers, Hill, Jordan, Kimsel, Unknown Parties, Unknown Quinn, Conklin, Mayotte, Kangas, Champion and Tallio, in which case service would be properly ordered on those Defendants.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 8, 2006

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).