UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ALSPAUGH, JR.,

        Plaintiff,                           Case No. 2:06-cv-111

v.                                                HON. R. ALLAN EDGAR

REX MCCONNELL, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Alspaugh, Jr., an inmate at the Southern Michigan Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants. The remaining defendants include Dr. Rex McConnell, Dr. Asher Berhane, Unknown Quinn, R.N., and Richard Cox. Defendant Cox moves to dismiss the complaint against him.

Plaintiff alleges that on November 1, 2004, while he was confined at Marquette Branch Prison, he was injured during a confrontation with several unit officers. In describing the incident, Plaintiff claims that after coming out of the hearing room, he kicked the shower cart. Plaintiff was then taken to the ground and while on the floor, Defendant Kangas and other unidentified officers began to punch him in the lower back and thigh area. During the assault, Defendant Kangas was yelling for Plaintiff to stop resisting, despite the fact that Plaintiff was not resisting at all. Plaintiff has been unable to discover the identity of the involved officers.

Plaintiff claims that Defendants Kangas, Cox and Champion are responsible for misleading Plaintiff regarding the identity of Defendants Unknown Parties, who are the officers who

allegedly assaulted him. Plaintiff states that Defendants Kangas, Cox and Champion denied him a review on his grievance in violation of his due process rights. Plaintiff claims that the Unknown Parties have a history of such conduct and that the incident should be investigated.

A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984). Defendant Cox has shown that he was not involved in the alleged assault that took place on November 1, 2004. Plaintiff has not rebutted defendant Cox's showing of a lack of involvement. Nor, can plaintiff show that defendant Cox violated plaintiff's due process rights.

Plaintiff filed a motion for leave to amend his complaint. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). The court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002). The court does not abuse its discretion by denying an amendment where the plaintiff has failed to submit a proposed amended complaint. *Id.* Plaintiff has not provided the court with a proposed amended complaint, or shown that an

amended complaint adding a new party would not be futile.  Therefore, it is recommended that the motion be dismissed.

Plaintiff filed a motion for a scheduling conference and a motion for discovery. Plaintiff is aware that discovery has been stayed by the court.  Further, the court will schedule a conference at an appropriate time if necessary.  A motion is unnecessary.  Plaintiff's motions should be denied.

Accordingly, it is recommended that defendant Cox's motion to dismiss (Docket #188) be GRANTED.   It is further recommended that plaintiff's Fed. R. Civ. Proc. Rule 56 (f) motion (Docket #202), motion to amend complaint (Docket #205), motion to compel judge to issue a *de novo* determination (Docket #229), motion for a scheduling conference (Docket #230), and motion to compel discovery (Docket #231) be DENIED.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley  
     TIMOTHY P. GREELEY  
     UNITED STATES MAGISTRATE JUDGE

Dated:   March 21, 2008